PAULINA ORTIZ PÉREZ, Plaintiff and Appellant, *v.* PABLO HÉRETER, JR., ET AL., Defendants and Appellees.

No. 7523. Argued May 11, 1938.—Decided June 10, 1938.

*V. Géigel Polanco* for appellant. *J. Valldejuli Rodríguez* for appellees.

Mr. Justice Hutchison delivered the opinion of the court.

March 3, 1937, had been fixed as the day for a trial of this case in the district court. March 2, plaintiff moved for a postponement on the following grounds:

Plaintiff's attorney had returned to her all papers in the case February 25 and had ceased to be her attorney; her new attorney, employed March 1, was not prepared to try the case; he had another case which had been set for hearing in the Supreme Court at two o'clock in the afternoon of March 3; in his opinion plaintiff had a good cause of action; he needed time in which to prepare for the trial of plaintiff's case. .

Defendants opposed the motion because:

The case had been set for trial December 21, 1936, and postponed on motion of plaintiff; it had been set for February 10, 1937, and postponed at plaintiff's request; when the case was set the third time for March 3 at the instance of plaintiff, defendants had announced that they would oppose any further postponement; the two previous postponements had caused defendants more than $100 in expenses and the further postponement would cause them more than $50; plaintiff in her motion had not offered to reimburse defendants.

The judgment of the district court follows:

"Judgment

"This case was called for trial yesterday, in accordance with the general calendar of civil actions of this court. Before the trial, at the morning session, the plaintiff moved for a postponement of the

trial and, the defendant having objected, the postponement was denied, the case being left pending, so that the trial would begin in the afternoon session, at the termination of the other trial which had begun in the morning.

"At three o'clock in the afternoon this case was called for trial and neither the plaintiff nor her attorney appeared and, hence, the defendants asked the court to consider the action as having been withdrawn by the plaintiff. In view of the nonappearance of the plaintiff, the court renders judgment dismissing the action and imposes costs and $100 as attorney's fees. This judgment is to be registered and notified. Rendered in San Juan, P. R., March 4, 1937."

On March 10 plaintiff moved to set aside the judgment and to reopen the case. In this motion she stated that in addition to the grounds set forth in the previous motion at the hearing thereof, she had called the attention of the district judge to the fact that she was litigating *in forma pauperis* and could not reimburse defendants. She also stated that at the hearing of the previous motion the court had authorized a stipulation between the parties as to postponement of the trial with a proviso that they should inform the court concerning any agreement that might be reached. That the attorneys for the parties had discussed the matter and had agreed verbally to try the case on the following day, March 4. She also set forth the circumstances considered by the attorneys for the parties in reaching this oral agreement. Plaintiff also stated that her attorney at the close of the hearing of his case in the Supreme Court, went to the district court at half past three in the afternoon of March 3 to report the verbal agreement which had been reached during the morning of that day and was informed that the case in the district court had been dismissed.

The attorney for defendants, March 29, filed his opposition in writing to plaintiff's motion to set aside the judgment. March 31 was fixed as the day for a hearing of plaintiff's motion. On May 20 the district judge overruled plaintiff's motion for reasons stated as follows:

"RESOLUTION.—The trial of this case was set for March the 3rd of this year, under the general calendar. At the date and hour set,

the plaintiff appeared, represented by her counsel, Mr. Géigel Polanco, and asked for a postponement of the trial until further setting. The defendant, who was ready for trial, objected and the court refused to grant the postponement desired by the plaintiff unless she paid to the defendant the costs incurred as a result of the postponement. The plaintiff alleged that she could not pay the costs and the court, which was holding another trial, postponed the trial of this case until two o'clock in the afternoon of that day, thus giving an opportunity to the parties to reach an agreement as to the postponement, or permitting the plaintiff to prepare for trial. At the hour set, the plaintiff did not appear in any manner and the court, upon motion of the defendant, rendered judgment dismissing the action. The judgment was rendered on March the 4th, and six days afterwards the attorney for the plaintiff filed a motion praying that the judgment be set aside, alleging as a basis for his motion that the attorneys for both parties had stipulated that the trial be postponed until March the 4th.

"The motion of the plaintiff was set and heard on April the 6th of this year. Both attorneys appeared and the attorney for the defendant denied under oath that he had entered into the alleged stipulation with the attorney for the other party. In view of the testimony of the attorney for the defendant and taking into consideration the additional circumstances that the alleged stipulation, if it was made, was not reported to the court, the motion that the judgment rendered in this case be set aside should and is hereby denied."

 If there were any oral agreement, as set forth in plaintiff's motion, ordinary prudence should have prompted counsel for plaintiff to reduce the agreement to writing, and file the same as required by Rule 27 of the insular district courts. The district judge was right in refusing to give serious consideration to an alleged oral agreement, when the existence of any such agreement had been denied under oath by counsel for defendants, and the alleged agreement had not been reported to the court at or before the hour fixed for trial. The refusal to grant a postponement, unless plaintiff should reimburse defendants to the amount of necessary expenses incurred by them in preparation for trial, was a matter within the discretion of the district judge. The fact that plaintiff was litigating *in forma*

310

*pauperis,* and was therefore unable to pay costs, was but one among a number of circumstances to be considered in the exercise of that discretion. It is a fair inference from plaintiff's third motion for a postponement that her new attorney had not had an opportunity to talk with witnesses. There was nothing to show that he had even talked with plaintiff's first attorney. The motion stated that he had not had time to study the documents in the case. Hence the statement that in the opinion of her second attorney she had a good cause of action did not carry much weight. It could hardly serve as a substitute for an affidavit of merits. Plaintiff's impecunious condition suggests a strong probability that the attorney's fee was contingent on recovery. Plaintiff, in her motion to set aside the judgment, said that her first attorney, on returning the papers, had told her that he did not have time to go on with the case. If he had shared the opinion of plaintiff's new attorney as to the character of plaintiff's cause of action, it is not probable that he would have abandoned the case within a few days before the trial thereof for want of time to try it. In the absence of a stronger showing, the district judge committed no abuse of discretion in making the reimbursement of defendants a condition precedent to a third postponement, notwithstanding the fact that plaintiff was suing *in forma pauperis.*

The judgment and order appealed from must be affirmed.

Mr. Justice Travieso took no part in the decision of this case.